United States District Court
Southern District of Texas
**ENTERED**
October 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL ALLEN POWELL, (TDCJ # 01342523), <br><br>*Plaintiff*, <br><br>vs. <br><br>JENNY HODGKINS, *et al.*, <br><br>*Defendants*. | § § § § § § § § § § § CIVIL ACTION NO. H-24-4008 |

## MEMORANDUM OPINION AND ORDER

Michael Allen Powell, (TDCJ #01342523), is a Texas state inmate currently held at the Estelle Unit of the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a lengthy document that he titled a motion to set aside a state-court judgment under Federal Rule of Civil Procedure 60(b). (Dkt. 1). He also filed a motion seeking leave to proceed *in forma pauperis*, which is supported by a certified copy of his inmate trust fund account statement. (Dkts. 2, 3). Because Powell is not entitled to proceed *in forma pauperis* in this Court, and because he seeks relief that this Court has no jurisdiction to grant, his action is dismissed with prejudice as explained below.

I. **BACKGROUND**

Powell is currently serving consecutive forty-year prison sentences for

convictions on two counts of aggravated sexual assault on a child younger than 14 years of age in Tarrant County Cause Number 0955468R. *See* Inmate Search, https://inmate.tdcj.texas.gov (visited Oct. 22, 2024). The presiding judge at his criminal trial was Sharen Wilson, who later was elected as the Tarrant County District Attorney.

Since his conviction, Powell has filed multiple actions in both the state and federal courts alleging, among other things, that Wilson manufactured transcripts, hindered his defense, and otherwise engaged in misconduct both during and after his trial. *See, e.g., Powell v. Williams*, No. 4:11-cv-00089-O (N.D. Tex. Oct. 17, 2011); *Powell v. Wilson, et al.*, No. 4:11-cv-00090-A (N.D. Tex. Apr. 19, 2011); *Powell v. Hodgkins, et al.*, No. D-1-GN-21-001728 (455th Dist. Ct., Tarrant County, Tex. Jan. 6, 2022); *Powell v. Lumpkin*, No. 4:23-cv-2205 (S.D. Tex. Nov. 29, 2023); *Powell v. State of Texas*, No. 4:24-cv-00614-P (N.D. Tex.).

In March 2021, Powell filed another action in the state courts against Wilson and others, alleging that they were engaged in a conspiracy to prevent him from having his criminal case considered by the Tarrant County Public Integrity Unit. (Dkt. 1-1, pp. 3-16). During that action, the trial court granted Wilson's motion to declare Powell to be a vexatious litigant under Texas law. (*Id.* at pp. 17-18). The same order dismissed all of Powell's claims against Wilson. (*Id.*). Powell appealed, but the intermediate appellate court affirmed the order. *See Powell v. Hodgkins*, No.

14-22-00300-CV, 2023 WL 2422866 (Tex. App.—Houston [14th Dist.] Mar. 9, 2023) (*mem. op., not designated for publication*). Powell attempted to appeal that decision to the Texas Supreme Court, but that court refused to file his appeal, citing Texas Civil Practice & Remedies Code § 11.103(a), which sets prefiling obligations for appeals by vexatious litigants that Powell had not satisfied. (Dkt. 1-1, p. 25).

On October 8, 2024, Powell filed a pleading in this Court to initiate this action. (Dkt. 1). He titled the pleading a "Rule 60(b)(1)(6) Motion to Set Aside Judgment Order (of a State Civil Judgment)." (*Id.*). In this pleading, Powell reasserts his arguments concerning Wilson's actions during and after his trial. (*Id.*). He alleges that Wilson conspired with Office of the Inspector General Investigator Christina Hoschler and others to have him declared a vexatious litigant and to prevent review of his case by the Tarrant County Public Integrity Unit. (*Id.*). He asks this Court to set aside the state-court order that declared him to be a vexatious litigant and dismissed his claims against Wilson. (*Id.*).

## II.   DISCUSSION

### A.   Nature of Powell's Action

As a threshold matter, the Court must determine how to characterize Powell's pleading. Because he is proceeding *pro se*, the Court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This includes considering his pleading based on the substance of the relief sought rather

than the label he has attached to it. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996).

While Powell has labeled his pleading a motion for relief under Rule 60(b), a motion under that rule "must be filed in the district court and in the action in which the original judgment was entered." *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970); *see also Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394-95 (5th Cir. 2001) ("Typically, relief under Rule 60(b) is sought in the court that rendered the judgment at issue."). It is intended to permit a federal district court to correct its own rulings, not to address rulings from a different court. In this case, Powell is not asking this Court to correct its own ruling; instead, he is asking this Court to set aside the judgment of a state court. Because this is an improper use of Rule 60(b), the Court will not consider his pleading as a motion under Rule 60(b).

To the extent that Powell's pleading could be construed as asking this Court to direct the state court to vacate its earlier ruling, his pleading could be viewed as a petition for a writ of mandamus. A writ of mandamus is intended to compel the performance of a nondiscretionary duty when the plaintiff has a clear legal right to the relief, the defendant has a clear duty to act, and no other adequate remedy is available. *See, e.g., Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *Defense Distributed v. Bruck*, 30 F.4th 414, 426 (5th Cir. 2022). But mandamus relief is

available only "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Powell's pleading does not identify any officer or employee of the United States or its agencies that owes any duty to him. Neither the state trial judge nor any of the defendants are officers or employees of the United States or one of its agencies. This Court therefore has no jurisdiction under the mandamus statute to compel these individuals to take any specific action. Accordingly, the Court cannot consider Powell's pleading as a petition for writ of mandamus.

Construed liberally, Powell's pleading could be interpreted to allege that the defendants have taken actions intended to deny him his constitutional right of access to the courts. Such a claim could be raised under 42 U.S.C. § 1983, which permits actions against state actors who have deprived the plaintiff of his rights under the Constitution or federal law. Because Powell's allegations are arguably sufficient to be construed as stating a claim under § 1983, the Court will consider his pleading as such.

**B.     Dismissal under 28 U.S.C. § 1915(g)**

Powell's pleading, construed as complaint for relief under § 1983, is governed by the Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to

prevent prisoners from abusing the privilege of proceeding *in forma pauperis*.[1] *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not proceed *in forma pauperis* in a civil action if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (noting that the three-strikes rule was enacted to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that since Powell has been incarcerated, he has filed no fewer than thirteen actions and appeals, at least three of which have been dismissed by the federal courts as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See, e.g., Powell v. Curry, et al.*, No. 4:07-cv-587-Y, 2008 WL 2839920 (N.D. Tex. July 14, 2008); *Powell v. Wilson, et al.*, No. 4:09-cv-240, 2009 WL 1973514 (N.D. Tex. July 8, 2009); *Powell v. Williams, et al.*, No. 7:08-cv-34 (N.D. Tex. Dec. 15, 2008). Powell is therefore barred from proceeding with this

---

[1] The fee requirements of the PLRA would also apply if the Court construed Powell's pleading as a mandamus petition. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (providing that the PLRA fee requirements apply to mandamus petitions when the underlying action is a civil case.).

civil action *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). But Powell's complaint contains no allegations that he is in imminent danger of serious physical injury, nor would the nature of his claims support such allegations. He may not therefore proceed with this action *in forma pauperis*. Because he is not entitled to proceed *in forma pauperis* and also has not paid the applicable filing fee, his action must be dismissed under 28 U.S.C. § 1915(g).

### C.  Dismissal for Lack of Jurisdiction

A dismissal under 28 U.S.C. § 1915(g) is usually without prejudice to the action proceeding if the plaintiff pays the applicable filing fee. But when a § 1983 action would be dismissed even if the plaintiff paid the filing fee, the Court may dismiss the action with prejudice. *See* 28 U.S.C. § 1915A(b). In his pleading, Powell requests relief that the Court may not grant under the *Rooker-Feldman* doctrine. Therefore, his action is dismissed with prejudice.

The *Rooker-Feldman* doctrine "holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). In general, the *Rooker-Feldman* doctrine bars a federal district court from exercising

jurisdiction when the action is brought by "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) [when] the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (quoting *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015)). In short, it prevents a federal district court from considering claims in which "the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (cleaned up).

Each of the elements that prevent federal district court review are present in this action. Powell was the loser in the state-court proceeding he is challenging. He alleges that he has suffered injuries as a result of the state-court order against him. The complained-of order was entered months before he filed this current action. And he clearly asks this Court to review and set aside the state-court order declaring him to be a vexatious litigant.

Powell's action falls squarely within the confines of the *Rooker-Feldman* doctrine, which deprives this Court of jurisdiction to award the relief sought. His action will therefore be dismissed with prejudice for lack of jurisdiction.

### III. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The action filed by Michael Allen Powell, (Dkt. 1), is **DISMISSED with prejudice** for lack of jurisdiction.

2. Powell's motion to proceed *in forma pauperis*, (Dkt. 2), is **DENIED** as barred by strikes under 28 U.S.C. § 1915(g).

3. Any other pending motions are **DENIED as moot**.

4. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___Oct 24___, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE